Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| BETTY GONZÁLEZ DONES<br><br>Recurrida<br><br>v.<br><br>SARA ESTHER RIVERA PEÑA Y OTROS<br><br>Peticionarios | KLCE202401203 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso núm.: JU2023CV00238 (404)<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 14 de noviembre de 2024.

El Tribunal de Primera Instancia ("TPI") impuso sanciones económicas a una parte por omitir información conocida y pertinente y, además, le ordenó a las partes brindar determinada información sobre los posibles herederos de una persona. Según se explica a continuación, en el ejercicio de nuestra discreción, declinamos la invitación a intervenir con la decisión recurrida.

I.

En agosto de 2023, la Sa. Betty González Dones (la "Viuda") presentó la acción de referencia, sobre división y liquidación de comunidad de bienes hereditarios (la "Demanda"), en contra de los integrantes de la sucesión del Sr. Crescencio Rivera Ortiz (el "Causante"). Alegó que, al fallecer en el 2023, el Causante era su

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLCE202400109 y KLCE202400717).

esposo, con quien estuvo casada por 32 años, y que los demandados eran hijos del Causante y de una esposa anterior (Esperanza Peña Díaz). En lo pertinente, afirmó que debía partirse, como parte del caudal del Causante, una finca en Canóvanas (la "Finca").

A finales de mayo de este año, los demandados presentaron una moción de desestimación (la "Moción"). Señalaron que, de la escritura de 1981 mediante la cual el Causante adquirió la Finca (la "Escritura"), surgía que, junto con este, también la adquirió la Sa. Pura Meléndez Castro (la "Anterior Esposa"). Arguyeron que la Anterior Esposa era, por tanto, una parte indispensable. También adujeron que debía notificarse del pleito al Secretario de Agricultura, en atención a unas restricciones que constan en la Escritura en cuanto a su posible enajenación.

La Viuda se opuso a la Moción. Planteó, en primer lugar, que la Anterior Esposa no era una parte indispensable, pues ella falleció en el 2007, lo cual era de conocimiento de los demandados. En segundo lugar, señaló que ni el Departamento de Agricultura ni la Administración de Terrenos (las "Agencias") podría tener interés alguno en el pleito pues de la Escritura surge que las restricciones en cuanto a enajenación solo subsistían por cinco años luego de la otorgación de la Escritura en 1981.

Mediante una Resolución notificada el 11 de julio (el "Primer Dictamen"), el TPI denegó la Moción y ordenó a los demandados mostrar causa por la cual no se le debían imponer sanciones económicas "por brindar información incorrecta al Tribunal".

El 19 de agosto, los demandados comparecieron en cumplimiento con lo ordenado. No suplieron explicación alguna sobre por qué omitieron en la Moción que la Anterior Esposa había fallecido; tampoco negaron haberlo sabido.

Mediante una Orden notificada el 9 de septiembre (el "Segundo Dictamen"), el TPI le impuso una sanción a los

demandados de $200.00 por no haber cumplido con su obligación ética de informar al tribunal que la Anterior Esposa había fallecido. Además, ordenó a las partes a que sometan "los nombres completos de los posibles herederos [de la Anterior Esposa], sus direcciones, teléfonos y correos electrónicos", disponiendo además que, "de no tener dicha información, en el mismo término [debían] informar lo propio". El TPI razonó que:

> Si bien es cierto que habría que averiguar si hay herederos de Pura Meléndez Castro, no es menos correcto que cuando la parte demandada presentó la moción de desestimación por falta de parte indispensable basándose precisamente en la referida señora, la parte tenía una obligación ética de informar al tribunal y a las partes que esta había fallecido. La buena fe hubiera mandado que, en todo caso, el argumento de falta de parte indispensable se levantara en favor de los posibles herederos.

El 17 de septiembre, los demandados solicitaron la reconsideración del Segundo Dictamen. Adujeron que era "irrelevante e inmaterial" si ellos sabían que la Anterior Esposa había fallecido. Mediante una Resolución notificada el 25 de octubre, el TPI denegó la referida moción de reconsideración.

El 1 de noviembre, los demandados presentaron el recurso que nos ocupa; solicitan la revisión del Segundo Dictamen. Arguyen que el TPI debió declarar con lugar la Moción y que el pleito debía notificársele al Secretario de Agricultura "como una parte no indispensable", pues las Agencias "figuran como poseedores del derecho preferente de opción de readquisición de la finca". Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Distinto al

recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari*. Al respecto, dispone, en lo pertinente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. [...]

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40, establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III.

Hemos determinado, en el ejercicio de nuestra discreción, no intervenir con lo actuado por el TPI. Veamos.

Como cuestión de umbral, resaltamos que los demandados no impugnan la orden del TPI dirigida a que las partes provean información sobre los posibles herederos de la Anterior Esposa. Por tanto, únicamente estaría ante nuestra consideración la otra parte del Segundo Dictamen, relacionada con la imposición de sanciones a los demandados.

Al respecto, concluimos que no abusó de su discreción el TPI al sancionar a los Demandados. Estos ni siquiera han alegado que desconocieran sobre el fallecimiento de la Anterior Esposa. Por tanto, actuaron de mala fe, y trataron de inducir al tribunal a error, al solicitar que se incluyera a la Anterior Esposa como parte indispensable, so pena de que se desestimara la Demanda.

En la medida que los demandados nos plantean que la Demanda debe ser desestimada, se trata de un planteamiento inoportuno. Primero, porque, mediante el Primer Dictamen, el TPI denegó esta solicitud, y el término para recurrir de la misma transcurrió sin que los demandados solicitaran su revisión. Segundo, porque, en realidad, lo actuado hasta ahora por el TPI es en atención al hecho de que todavía existe la posibilidad de incluir a los herederos (si existen) de la Anterior Esposa como partes, lo

cual haría académico el planteamiento de los demandados sobre ausencia de parte indispensable[2].

En fin, del récord no surge que el TPI actuase movido por prejuicio o parcialidad. Tampoco se desprende que incurriera en un craso abuso de discreción o se equivocara en la interpretación o aplicación de una norma procesal o sustantiva.

IV.

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] Es también inoportuno lo planteado por los demandados sobre las Agencias. En primer lugar, nada ha dispuesto todavía el TPI al respecto. En segundo lugar, en el pleito no se plantea asunto alguno sobre enajenación de la Finca; únicamente está en juego su titularidad a raíz del fallecimiento del Causante. En tercer lugar, de la Escritura claramente surge que cualquier derecho que podrían tener las Agencias en la Finca expiró hace varias décadas.